# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| JULIAN BARTLEY | CIVIL ACTION NO. 6:17-CV-270 |
| | SECTION P |
| VS. | JUDGE REBECCA F. DOHERTY |
| LORETTA LYNCH, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## REPORT AND RECOMMENDATION

Before the court is petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on February 10, 2017, by *pro se* petitioner Julian Bartley. Petitioner is an immigration detainee in the custody of the Department of Homeland Security's Bureau of Immigration and Customs Enforcement (ICE). He is presently detained at the Pine Prairie Correctional Center in Pine Prairie, Louisiana. Petitioner contends that he is being unlawfully detained because he is a citizen of the United States.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner was born in Jamaica. According to the Verification of Naturalization Records attached to his petition [Rec. Doc. 1-2, p. 3], he became a naturalized citizen on July 28, 1983, in Cumberland County Bridgeton, New Jersey.

On June 1, 2016, he was arrested by ICE. He argues that he has done nothing wrong and was abiding by the Intensive Supervision Appearance Program (ISAP)/ICE rules and reporting schedule. Petitioner has not provided this Court with a date for final order of removal.

Petitioner filed his federal *habeas corpus* petition on February 10, 2017, asking this Court to release him as he is a U.S. citizen entitled to be free from unlawful restraint, false arrest and illegal

incarceration.

While the instant petition provided few facts, the Court was able to ascertain, pursuant to Court records from the United States District Court, District of New Jersey, that petitioner, a native and citizen of Jamaica who entered the United States in 1972 as a lawful permanent resident, was convicted in 2008 of conspiracy to distribute marijuana and was later charged as being removable under the Immigration and Nationality Act ("INA) 237(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony. *See Bartley v. AG of the United States*, 530 Fed. Appx. 175, 2013 U.S. App. LEXIS 14726, 2013 WL 3746226 (3d Cir. 2013). He was subsequently released on bond. *See Bartley v. Hendricks*, Civil Action No. 12-2574 (D.N.J.) at Rec. Doc. 19. On June 1, 2016, he was re-detained for the purposes of effectuating removal, after the United States Third Circuit upheld his final order of removal. *Id..* The instant petition, while challenging petitioner's custody also challenges the final order of removal.

## LAW AND ANALYSIS

Petitioner challenges his custody and final order of removal. The Real ID Act of 2005, P.L. 109-13, 2005 HR 1268, 119 Stat. 231, enacted on May 11, 2005, divested the United States District Courts of jurisdiction over petitions for *habeas corpus* relief challenging final orders of removal. Section 106 of the REAL ID Act (codified at 8 U.S.C. § 1252), provides:

> (5) Exclusive Means of Review - Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal</u> entered or issued under any provision of this Act.... (emphasis supplied)

The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 6 U.S.C. § 1252(b)(2).

The REAL ID Act also provided that "the district court shall transfer ... to the court of appeals" any case "challenging a final administrative order of removal" that is "pending in a district court on the date of the enactment" of the REAL ID Act – May 11, 2005. REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005).

The instant petition falls within the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), because it seeks review of an order of removal. This court lacks jurisdiction to review the merits of the petition or to issue a stay of the removal order.

To the extent that petitioner's petition raises a citizenship claim, this court is not the proper forum to assert such a claim. Section 242 of the INA is the comprehensive statute governing judicial review of the final orders of removal. INA §§ 242(b)(1) and (2) [8 U.S.C. §§ 1252(b)(1) and (2)] require a petitioner to file his petition for review with the appropriate court of appeals within thirty days of the date of the final order of removal.

INA § 242(b)(5) [8 U.S.C. § 1252(b)(5)] addresses the treatment of nationality claims. The provision requires the court of appeals to determine whether there is a genuine issue of material fact with respect to the petitioner's nationality claim. If no such genuine issue of fact exists, the court of appeals is directed to "...decide the nationality claim." If a genuine issue of fact exists, the court of appeals is directed to "...transfer the proceeding to the district court of the United States..." for a hearing and determination of the issue. This procedure is the exclusive

3

means for determining a nationality claim.

Thus, petitioner must assert his nationality claim in a properly filed petition for review in the court of appeal. There is no authority for this court to hear or determine his claims until and unless the court of appeals so orders.

Accordingly,

**IT IS RECOMMENDED THAT** the Petition for Habeas Corpus be **TRANSFERRED** to the United States Court of Appeals for the Third Circuit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Lafayette, Louisiana, this 12th day of May, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE